UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAUHEED WILDER,

        Petitioner,

v.                                           CASE NO. 05-CV-72874-DT
                                             HONORABLE MARIANNE O. BATTANI

JAN TROMBLEY,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTIONS
TO HOLD HABEAS PETITION IN ABEYANCE
AND CLOSING CASE FOR STATISTICAL PURPOSES**

**I. Introduction**

Petitioner Tauheed Wilder has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition attacks Petitioner's state convictions for armed robbery, Mich. Comp. Laws § 750.529, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Petitioner was sentenced on April 17, 2002, to two years in prison for the felony firearm conviction followed by concurrent terms of ten to thirty years for the armed robbery and one to five years for being a felon in possession of a firearm. The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Wilder*, No. 242320 (Mich. Ct. App. June 10, 2004), and the Michigan Supreme Court denied leave to appeal, *see People v. Wilder*, No. 126501 (Mich. Sup. Ct. Dec. 29, 2004).

Petitioner filed his habeas corpus petition on July 22, 2005. The grounds for relief allege that Petitioner's constitutional rights were violated when the trial court (1) permitted the

complainant to identify Petitioner at trial, (2) admitted Petitioner's statement to the police in evidence, and (3) assessed twenty-five points under offense variable 1 at sentencing. Respondent maintains in an answer to the habeas petition that (1) Petitioner's first claim is barred from review by Petitioner's procedural default of failing to move to suppress the in-court identification, (2) Petitioner's second claim lacks merit because he failed to rebut the presumption of correctness accorded the state court's finding of fact on whether Petitioner requested counsel during interrogation, and (3) the state court's resolution of Petitioner's third claim was not contrary to, or an unreasonable application of, Supreme Court precedent.

Petitioner has asked the Court to hold his case in abeyance so that he can exhaust state remedies for two new claims, which allege ineffective assistance of trial and appellate counsel. Petitioner asserts that he is required to exhaust state remedies for these claims in order to show "cause" for his procedurally defaulted first claim.

## II. Discussion

The doctrine of exhaustion of state remedies requires habeas petitioners to exhaust state remedies for their claims before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Petitioner concedes that he did not raise a claim of ineffective assistance of counsel in state court. He also realizes that, unless he raises ineffective assistance of counsel as an independent claim in state court, he cannot assert ineffective assistance of counsel as "cause" for a procedural default. *See Murray v. Carrier*, 477 U.S. 478, 489 (1986).

If the Court dismissed the habeas petition, a subsequent habeas petition might be barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). The Court also notes that

Petitioner apparently is not engaging in abusive litigation tactics or intentional delay, and his claim about trial counsel is not clearly meritless.  He contends that his appellate counsel's ineffectiveness is "cause" for not exhausting state remedies for his claim about trial counsel.

The Court concludes that a stay is appropriate here.  *Cf. Rhines v. Weber*, 544 U.S. 269, __, 125 S. Ct. 1528, 1535 (2005) (explaining factors to be used when deciding whether stay and abeyance are appropriate).  Accordingly, Petitioner's motions to hold this case in abeyance [Docs. 9 & 10] are GRANTED, and the habeas petition is STAYED.

Because "district courts should place reasonable time limits on a petitioner's trip to state court and back," *Rhines v. Weber*, 125 S. Ct. at 1535, the Court's stay is conditioned on Petitioner filing a motion for relief from judgment in the trial court within **sixty (60) days** of the date of this order.  If Petitioner is unsuccessful in state court, he may return to this Court, provided he does so within **sixty (60) days** of exhausting state remedies.

In the meantime, the Clerk of Court is ORDERED to close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims.

                                                ___s/Marianne O. Battani_____
                                                 MARIANNE O. BATTANI
                                                 UNITED STATES DISTRICT JUDGE

Date: April 13, 2006